IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| | | |
|---|---|---|
| DREW PARKER, SR., | ) | CASE NO.  1:01CV1672 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Judge John R. Adams |
| | ) | |
| MARGARET BAGLEY, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | MEMORANDUM OF OPINION |


On July 10, 2001, Drew Parker, Sr., petitioner, filed a petition for writ of habeas corpus
pursuant to 28 U.S.C. § 2254, which he amended on January 22, 2002 (Docket Nos. 1 and 17).
He challenges his convictions and sentence on sixteen counts of gross sexual imposition in
violation of Ohio Revised Code ("O.R.C.") § 2907.04(A)(3) and (4), and four counts of
felonious sexual penetration in violation of O.R.C. § 2907.12(A)(1)(b).

On October 9, 2002, the Respondent filed her Answer/Return of Writ (Docket No. 22), to
which the Petitioner filed his Traverse on November 18, 2002 (Docket No. 29).  Both parties
filed additional supplemental briefs.  (See Docket Nos. 32, 35, 36, and 37.)

On May 26, 2004, a Magistrate Judge issued a Report and Recommendation in which he
recommends that the petition be denied (Docket No. 39).  On June 21, 2004, the Petitioner filed
Objections to the Magistrate Judge's Report and Recommendation (Docket No. 42), to which the

Respondent replied on July 2, 2004 (Docket No. 43).

The Court concludes that an evidentiary hearing is not necessary. See 28 U.S.C. § 2254; Rule 8(a) of the Rules Governing 2254 Proceedings. For the following reasons, the Court adopts the Magistrate Judge's recommendation, and the petition is hereby DENIED.

## II. FACTS

### A. Underlying Facts

This case arises out of allegations of sexual abuse against the Petitioner by his two step-granddaughters. Prior to trial, defense counsel procured a sex abuse expert to testify on his behalf. To permit the defense to prepare, the trial court granted two continuances of the trial date and ordered the defense to produce an expert report to the prosecution. An expert report, however, was never produced. On May 26, 1998, the prosecution moved to exclude the defense expert from testifying. (Docket No. 24, Ex. B.) On June 3, 1998, the trial court granted the motion. The trial court noted that defense counsel neither produced a report, nor even opposed the prosecution's motion. Accordingly, the trial court precluded any expert testimony for the defense. (Docket No. 24, Ex. C.) The case proceeded to trial.

The relevant facts are described fully in the opinion of the Ninth District Court of Appeals in denying the Petitioner's direct appeal. In summary, the Petitioner lived across the street from his son, Drew Parker, Jr., and his daughter-in-law, Cally. Cally had two daughters from a previous marriage, who were ages seven and five at the time the abuse began. The girls testified that shortly after their parents were married, they began staying overnight on Fridays at the Petitioner's home. During these sleepovers, the Petitioner abused the girls in numerous fashions. The abuse went on from 1987 until 1991, but the victims did not report the abuse until

1997.  They explained that they did not report the abuse immediately because they were afraid of

ruining their new family. (Docket No. 24, Ex. I at 1-3.)

      B.  <u>Procedural History</u>

On July 30, 1997, a grand jury in the Court of Common Pleas for Lorain County, Ohio

indicted the Petitioner on sixteen counts of gross sexual imposition and four counts of felonious

sexual penetration.  (Docket No. 24, Ex. A.)  A jury convicted him on all counts, and on June 19,

1998, he was sentenced to a total of imprisonment of 30-50 years. (Docket No. 24, Ex. E.)

On February 24, 1999, he raised four grounds for relief on direct appeal which

challenged the sufficiency of the evidence and the sentence calculation.  He also asserted

ineffective assistance of trial counsel.  (Docket No. 24, Ex. G.)  On March 1, 2000, the Ninth

District Court of Appeals affirmed.  (Docket No. 24, Ex. I.)

The Petitioner appealed to the Ohio Supreme Court, again alleging insufficient evidence

and ineffective assistance of trial counsel.  (Docket No. 24, Ex. J.)  On July 19, 2000, the Ohio

Supreme Court denied the appeal by journal entry.  (Docket No. 24, Ex. L.)

In addition, on May 25, 1999, the Petitioner filed a petition for post-conviction relief in

the trial court.  He again alleged ineffective assistance of trial counsel.  (Docket No. 24, Ex. M.)

On October 28, 1999, the court denied the petition on the ground of *res judicata* because his

claims were or could have been made during direct appeal.  Appeals of the decision denying

post-conviction relief were denied by the Ninth District and Ohio Supreme Court (Docket No.

24, Exs. R and U.)

On June 28, 2001, the Petitioner filed an Application For Reopening his appeal pursuant

to Ohio R. App. P. 26(B).  He asserted five assignments of error, including (1) ineffective

-3-

assistance of trial counsel, (2) the prosecution improperly introduced other acts evidence, (3) the

trial court erred by excluding expert testimony offered by the Petitioner, (4) the trial court

erroneously imposed a time limit on jury selection and allowed the prosecution to improperly

"indoctrinate the jury", and (5) ineffective assistance of appellate counsel. (Docket No. 24, Ex.

V.)

Subsequently, on July 10, 2001, the Petitioner filed his original petition for writ of habeas

corpus in this Court. He alleged only one ground for relief: ineffective assistance of trial counsel.

He sought a stay to exhaust his remedies in state court as to the grounds for relief that were

raised in the Application For Reopening.  (Docket No. 4.)

On August 14, 2001, the Ninth District denied the Application For Reopening as being

filed untimely without good cause.  (Docket No. 24, Ex. X.)  On September 21, 2001, he

appealed the denial to the Ohio Supreme Court (Docket No. 24, Ex. Y), which denied the appeal

as not involving a substantial constitutional question (Docket No. 24, Ex. AA).

On January 22, 2002, the Petitioner filed his amended petition for writ of habeas corpus.

He asserts the following grounds for relief.

> Ground One: Petitioner was deprived of his Sixth and Fourteenth
> Amendment rights to the effective assistance of trial counsel when counsel
> made numerous errors and omissions which prejudiced Petitioner's right
> to a fair trial.
>
> Ground Two: The repeated introduction of other acts evidence throughout
> the trial and prosecution argument regarding other acts evidence deprived
> Petitioner of his right to due process and a fair trial under the United
> States Constitution.  The error was not merely improper introduction of
> evidence but a deprivation of Petitioner's rights under the United States
> Constitution.
>
> Ground Three: Petitioner was deprived of his Federal Constitutional right
> to present a defense when the trial court erroneously excluded the

-4-

testimony of Petitioner's sex abuse expert on the grounds that defense counsel had not submitted a written report when the prosecution is not constitutionally entitled to a written report.

Ground Four: Petitioner was deprived of his Federal Constitutional right to due process of law and to a fair trial and impartial jury when, 1) the trial court erroneously imposed a short time limit on jury selection in a multiple count sex abuse case, and 2) when the trial court failed to prohibit the prosecution from indoctrinating the jury.

Ground Five: Petitioner was deprived of his Federal Constitutional right to the effective assistance of appellate counsel when counsel failed to raise numerous meritorious issues on appeal, failed to have a complete transcript for appeal, and failed to advise his client of the right to challenge appellate counsel's ineffective assistance in a timely fashion. Ohio App. R. 26(B) is unconstitutional in that it deprives defendant's of the opportunity to challenge appellate counsel's ineffectiveness.

These essentially are the same grounds for relief asserted in the Application For Reopening.  The matter was referred to a Magistrate Judge for a Report and Recommendation. On May 26, 2004, after full briefing by the parties, he recommended that the petition be denied. (Docket No. 39.)  He concluded that portions of Ground One and Grounds Two through Five are procedurally defaulted.  He further concluded that the remainder of Ground One, ineffective assistance of trial counsel, lacks merit.

## II. LAW

### A. General Standards of Habeas Review

Collateral relief from a conviction or sentence is available if errors created a fundamental defect at trial resulting in a complete miscarriage of justice, or were so egregious as to violate due process.  See Reed v. Farley, 512 U.S. 339, 348, 353 (1994), citing, Hill v. United States, 368 U.S. 424, 428 (1962); Zagi v. United States, 90 F.3d 130, 133-34 (6th Cir. 1996), cert. denied, 117 S.Ct.994 (1997); Gall v. United States, 21 F.3d 107, 109 (6th Cir. 1994); Ward v.

United States, 995 F.2d 1317, 1319 (6th Cir. 1993); United States v. Ferguson, 918 F.2d 627, 630

(6th Cir. 1990).

On April 26, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act

of 1996 ( the "Act" or the "AEDPA"), Pub. L. 104-132, 110 Stat. 1214 (1996).  Title 28 U.S.C. §

2254, as amended by the AEDPA, provides in relevant part:

> (d) An application for a writ of habeas corpus on behalf of a person
> in custody pursuant to the judgment of a State court shall not be
> granted with respect to any claim that was adjudicated on the
> merits in State court proceedings unless the adjudication of the
> claim --
>
>> (1) resulted in a decision that was contrary to, or
>> involved an unreasonable application of, clearly
>> established Federal law, as determined by the
>> Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based upon an
>> unreasonable determination of facts in light of the
>> evidence presented in the State court proceedings.

28 U.S.C. § 2254(d) (as amended).  With respect to paragraph (d)(1), the phrase "clearly

established Federal law, as determined by the Supreme Court of the United States" refers to

Supreme Court holdings, not dicta.  In addition:

> Under the "contrary to" clause, a federal habeas court may grant the writ if
> the state court arrives at a conclusion opposite to that reached by this
> Court on a question of law or if the state court decides a case differently
> than this Court has on a set of materially indistinguishable facts. Under the
> "unreasonable application" clause, a federal habeas court may grant the
> writ if the state court identifies the correct governing legal principle from
> this Court's decisions but unreasonably applies that principle to the facts
> of the prisoner's case.

Williams v. Taylor, 120 S. Ct. 1495, 1523 (2000); see also Miller v. Francis, 269 F.3d 609, 613-

14 (6th Cir. 2001), cert. denied, 535 U.S. 1011 (2002); Brumley v. Wingard, 269 F.3d 629, 637-

38 (6th Cir. 2001); Magana v. Hofauer, 263 F.3d 542, 546 (6th Cir. 2001); Campbell v. Coyle, 260 F.3d 531, 539 (6th Cir. 2001), cert. denied, 535 U.S. 975 (2002).

State court factual determinations are "presumed to be correct," and the party seeking habeas relief has the burden of rebutting this presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); Bailey v. Mitchell, 271 F.3d 652, 656 (6th Cir. 2001), cert. denied, 536 U.S. 911 (2002); Brumley, 269 F.3d at 637.  This presumption applies to factual findings of a state appellate court made based on the trial court record. Brumley, 269 F.3d at 637.  However, the presumption does not apply to mixed questions of law and fact.  Coe v. Bell, 209 F.3d 815, 823-24 (6th Cir.), cert. denied, 529 U.S. 1084 (2000).

B.  Procedural Default

The Magistrate Judge concluded that all but one of the Petitioner's asserted grounds for relief were procedurally defaulted.  If a petitioner has exhausted his claims to the highest state court but did not present them in a manner that complied with state procedural rules, then although he has exhausted his state remedies, he has procedurally defaulted on those claims. Hannah v. Conley, 49 F.3d 1193, 1195-96 (6th Cir. 1995).   "Reasons of federalism and comity generally bar federal habeas corpus review of contentions of federal law which were not resolved on the merits in the state proceeding due to respondent's failure to raise them there as required by state procedure." Wainright v. Sykes, 433 U.S. 72, 87 (1977).

The Sixth Circuit has established a four-step analysis to determine whether a petitioner has procedurally defaulted any claim:

First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule. …  Second, the court must decide whether the state courts actually enforced the state procedural sanction. … Third, the court must determine whether the state procedural forfeiture is an "adequate

and independent" state ground on which the state can rely to foreclose review of a federal
constitutional claim. … [Fourth, if] the court determines that a state procedural rule was
not complied with and that the rule was an adequate and independent state ground, then
the petitioner must demonstrate … that there was "cause" for him to not follow the
procedural rule and that he was actually prejudiced by the alleged constitutional error.

Maupin v. Smith, 785 F.2d 135, 138 (6th Cir. 1986).

Finally, even absent a demonstration of cause, a procedural default will be excused if the

petitioner can demonstrate that not excusing the default "will result in a fundamental miscarriage

of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991).  This exception requires a

showing that in light of new evidence, no reasonable jury could have adjudicated the petitioner

guilty beyond a reasonable doubt.  Martin, 280 F.3d at 603-04.

C.  Ineffective Assistance of Counsel

Grounds One and Five arise out of alleged ineffective assistance of counsel.  The

standard for determining whether counsel was ineffective was set forth by the United States

Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984).  "The benchmark for judging

any claim of ineffectiveness must be whether counsel's conduct so undermined the proper

functioning of the adversarial process that the trial cannot be relied on as having produced a just

result."  Id. at 686; see also United States v. Sanchez, 960 F.2d 610, 612 (6th Cir. 1992).  "When

a true adversarial criminal trial has been conducted — even if defense counsel may have made

demonstrable errors — the kind of testing envisioned by the Sixth Amendment has occurred."

United States v. Cronic, 466 U.S. 648, 657 (1984).  The Court does not view the purported errors

in isolation.  Rather, the Court views the errors within the context of the entire record to

determine whether the errors, taken as a whole, were so egregious as to undermine the

fundamental fairness of the trial.  Lundy v. Campbell, 888 F.2d 472-73 (6th Cir. 1989), cert.

-8-

denied, 495 U.S. 950 (1990).

The analysis of counsel's performance is two-prong:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed to the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant can make both showings, it can not be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

Strickland, 466 U.S. at 687; see also West v. Seabold, 73 F.3d 81, 84 (6th Cir.), cert. denied, 116 S. Ct. 2569 (1996); Fields v. Bagley, 275 F.3d 478, 484 (6th Cir. 2001); Buell v. Mitchell, 274 F.3d 337, 359 (6th Cir. 2001); Greer v. Mitchell, 264 F.3d 663, 674 (6th Cir. 2001);  Ward v. United States, 995 F.2d 1317, 1321 (6th Cir. 1993); United States v. Morrow, 977 F.2d 222, 229 (6th Cir. 1992), cert. denied, 508 U.S. 975 (1993).

The performance inquiry is whether counsel's assistance was reasonable considering all the circumstances.  Strickland, 466 U.S. at 688.  The Court "must indulge a strong presumption" counsel's assistance was reasonable, and avoid the "distorting effects of hindsight".  Id. at 689; see also Stanford v. Parker, 266 F.3d 442, 454 (6th Cir. 2001).  A claim of unreasonable performance must be evidenced by more than unsupported generalizations.  Vick v. United States, 730 F.2d 707, 708 (11th Cir. 1984).  Rather, a petitioner must point to specific acts or omissions that fell outside the wide range of competent assistance.  Patel v. United States, 19 F.3d 1231, 1235 (7th Cir. 1994).  Counsel's performance is to be measured at the time of the representation.  Stanford, 266 F.3d at 454.  Furthermore, the Petitioner bears the burden of overcoming a presumption that the challenged conduct might be considered sound trial strategy.

-9-

Miller v. Francis, 269 F.3d 609, 615 (6th Cir. 2001), cert. denied, 535 U.S. 1011 (2002).

Prejudice is demonstrated when there is a reasonable probability that but for counsel's errors, the result would have been different. A "reasonable probability" is one sufficient to undermine confidence in the outcome. Strickland, 466 U.S. at 694. The Court determines prejudice with attention to whether the result of the proceeding was fundamentally unfair or unreliable. Lockhart v. Fretwell, 506 U.S. 364, 369 (1993). "Unreliability does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." Id. at 372.

III. ANALYSIS

A. Procedural Default

The Magistrate Judge concluded that portions of Ground One and Grounds Two through Five for relief are procedurally defaulted. These grounds were first raised by the Petitioner in his Application For Reopening pursuant to Ohio R. App. P. 26(B). Rule 26(B) states that such application must be made "within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." The Ninth District denied the Petitioner's application because it was filed late without a showing of good cause. Therefore, the Maupin test must be applied to the time limitation contained in Rule 26(B).

The first prong of Maupin is that a petitioner did not comply with an applicable procedural rule, and the second prong is that the state courts enforced the procedural sanction. There can be no dispute that these prongs are met. The Ninth District's decision on direct appeal was journalized on March 1, 2000, and even the Petitioner's state post-conviction proceedings terminated in the Ohio Supreme Court on February 7, 2001. The Petitioner did not file his

-10-

Application For Reopening until June 28, 2001, more than a year after his direct appeal concluded, and more than four months after conclusion of his state post-conviction proceedings. The Ninth District denied his application as untimely without a showing of cause.  Accordingly, the Petitioner violated the time limitation of Rule 26(B), and the state courts enforced the procedural sanction.

The third <u>Maupin</u> prong is whether the time limitation of Rule 26(B) is an "adequate and independent" state ground which forecloses federal review.  This prong is satisfied if a state rule is firmly established and regularly followed by the time it was applied to the case.  <u>Monzo v. Edwards</u>, 281 F.3d 568, 577 (6th Cir. 2002).

The Sixth Circuit has not been uniform in its determination as to whether the time limitation of Rule 26(B) has been applied regularly and consistently.  In <u>Franklin v. Anderson</u>, 434 F.3d 412, 420-21 (6th Cir. 2006), the court, after an extensive review of Ohio Supreme Court cases, concluded that for capital cases the rule has received "fluctuating treatment" and thus is not an "adequate and independent" state rule under <u>Maupin</u>.  <u>See also</u> <u>Richey v. Mitchell</u>, 395 F.3d 660, 680 (6th Cir.), <u>vacated on other grounds <i>sub nom</i></u>, <u>Bradley v. Richey</u>, 126 S. Ct. 602 (2005).[1]

In a non-capital case, however, another panel of the Sixth Circuit came to the opposite conclusion.  <u>See</u> <u>Monzo</u>, 281 F.3d at 578.  Whether a state rule is firmly established and regularly applied is determined at the time of the application at issue.  <u>Richey</u>, 395 F.3d at 680.

---

[1]     The Petitioner also relies on <u>Buell v. Mitchell</u>, 274 F.3d 337 (6th Cir. 2001).  That case, however, analyzed the time requirements that applied to delayed consideration prior to the adoption of Rule 26(B).  <u>Id</u>. at 351 n. 6.

-11-

In analyzing an application filed in February 1994, an earlier panel of the Sixth Circuit had determined that Rule 26(B)'s "good cause" provision was not adequate and independent.  The court noted, however, that at the relevant time the rule was "relatively new and . . . it may take some time for the Ohio courts to achieve consensus."  White v. Schotten, 201 F.3d 743, (6th Cir. 2000), overruled on other grounds, Lopez v. Wilson, 426 F.3d 339 (6th Cir. 2005), cert. denied, 126 S. Ct. 1880 (2006).

The Monzo court subsequently analyzed Rule 26(B) in the context of an application for reopening made in 1998.  The court stated that decisions of the Ohio Supreme issued shortly after adoption of Rule 26(B) are not helpful, but "the Ohio courts have had several years since then to consider the 'good cause' requirement."  After a review of recent Ohio Supreme Court cases, the court concluded that the time limitation and "good cause"exception met the standard for being an "adequate and independent" state rule.  Monzo, 281 F.3d at 578.

Monzo controls this case.  Franklin and Richey are distinguishable because they are capital cases involving applications for reopening filed in close proximity to the adoption of Rule 26(B).  Accordingly, Rule 26(B) is an adequate and independent state law rule.

The fourth Maupin prong is that a procedural default is excused if the petitioner can show cause for non-compliance with the state procedural rule, and actual prejudice by the error.  Cause and prejudice is a two-part analysis.  First, the petitioner must present a substantial reason to excuse the default, and he must show actual prejudice.  Martin v. Mitchell, 280 F.3d 594, 603 (6th Cir.), cert. denied, 537 U.S. 1004 (2002).  The reason for the default must be something external to the petitioner, and the prejudice is "actual" when the error resulted in a substantial disadvantage which infected the proceedings with errors of constitutional dimension.  Jamison v.

-12-

Collins, 291 F.3d 380, 386 (6th Cir. 2002).  Ineffective assistance of counsel can provide the

cause to excuse a procedural default provided that counsel's performance meets the Strickland

standard for ineffective assistance.  Coleman v. Thompson, 501 U.S. 722, 752 (1991); Martin,

280 F.3d at 605; Gravley v. Mills, 87 F.3d 779, 785 (6th Cir. 1996).

 The Petitioner asserts four grounds for cause: (1) the Petitioner lacked full transcripts of

the proceedings which inhibited his ability to file his 26(B) application; (2) ineffective assistance

of trial counsel by not objecting to or properly raising issues at trial; (3) ineffective assistance of

appellate counsel by not raising ineffectiveness of trial counsel, and other errors, on direct

appeal; and (4) ineffectiveness assistance of appellate counsel by not advising the Petitioner of

his rights under Rule 26(B).  None of these grounds constitutes valid cause.

 With respect to the first allegation, "intermediate state appellate courts' decisions have

universally concluded that the inability to obtain transcripts is not a sufficient basis for the

untimely filing of an application for reopening. [Citations omitted.]" Abreu v. Huffman, 27 Fed.

Appx. 500, 505 (6th Cir. 2001), cert. denied, 535 U.S. 1120 (2002).  The first allegation,

therefore, lacks merit.

 With respect to the Petitioner's other arguments for cause, ineffective assistance of

counsel cannot excuse a delay in filing an application for reopening.  An indigent defendant has

a constitutional right to appointed counsel in his first appeal.  Douglas v. California, 372 U.S.

353 (1963).  In addition, the Strickland standard for ineffective assistance applies to conduct by

appellate counsel.  Mapes v. Coyle, 171 F.3d 408 426-27 (6th Cir.), cert. denied, 528 U.S. 946

(1999).  However, there is no constitutional right to counsel in state post-conviction

proceedings.  Consequently, a petitioner cannot claim ineffective assistance of counsel in such

proceedings.  Coleman v. Thompson, 501 U.S. 722, 752 (1991).  For example, a petitioner bears

the risk that attorney conduct results in the late filing of a state habeas appeal.  Coleman, 501

U.S. at 752-53.

Rule 26(B) provides a post-conviction proceeding for which there is no right to counsel.

In Morgan v. Eads, 104 Ohio St. 3d 142 (2004), a judge on this Court certified the question to

the Ohio Supreme Court as to whether an application for reopening under Rule 26(B) is part of

direct appeal or a post-conviction proceeding.  The Ohio Supreme Court answered: "[T]he App.

R. 26(B) process represents a collateral post conviction remedy and is not part of the original

appeal."  Id. at 147-48.  Relying heavily on Morgan, and after years of conflicting opinions, the

Sixth Circuit *en banc* concluded:

> In sum, the relevant state law, the distinctions between direct review and
> collateral review, and the structure and function of the AEDPA support
> the conclusion that a Rule 26(B) application is a collateral matter rather
> than part of direct review. [Footnote admitted.] As such, there is no federal
> constitutional right to assistance of counsel at that stage.

Lopez v. Wilson, 426 F.3d 339, 352 (6th Cir. 2005), cert. denied, 126 S. Ct. 1880 (2006).[2]

Because there is no right to assistance of counsel under Rule 26(B), ineffective assistance

of either trial or appellate counsel cannot constitute cause to excuse the procedural default.

Contrary to the Petitioner's assertion, even advice on the existence of Rule 26(B) is outside the

direct appeal under Morgan and Lopez.

Because the Petitioner cannot demonstrate cause for procedural default, the defaulted

---

[2]    Rule 26(B)(6)(a) provides for the appointment of counsel if an application for
       reopening is granted.  Such appointment of counsel, however, is a state statutory
       right and not mandated by the United States Constitution.  Lopez, 426 F.3d at
       350, citing, Morgan, 104 Ohio St. 3d at 146-47.

claims can only be considered if failure to do so "will result in a fundamental miscarriage of justice."  Coleman v. Thompson, 501 U.S. 722, 750 (1991).  This exception requires a showing that in light of new evidence, no reasonable jury could have adjudicated the petitioner guilty beyond a reasonable doubt.  Martin, 280 F.3d at 603-04.  The Petitioner does not offer any new evidence or circumstances that eviscerate the jury verdict.  His arguments on this issue are little more than a restatement of his previous arguments.

Accordingly, Grounds Two through Five are procedurally defaulted.  Furthermore, as to Ground One for ineffectiveness of trial counsel, the Petitioner is limited to bases raised in his original petition.  He has procedurally defaulted on the additional grounds added in his amended petition because such grounds likewise were raised for the first time in his untimely Application For Reopening.[3]

C.  Ineffective Assistance of Trial Counsel

Ground One for relief asserts ineffective assistance of trial counsel.  As concluded in the previous section, the Petitioner is limited to the grounds raised in his original petition.  He asserts the following bases for ineffective assistance: (1) trial counsel failed to call an expert witness on child sex abuse; (2) trial counsel did not inspect written witness statements as permitted under Ohio R. Crim. P. 16(B)(1)(g); and (3) trial counsel did not object to the introduction of "other acts" evidence.  These claims were raised on direct appeal, and the state appellate court rejected them under Strickland.  (See Docket No. 24, Ex. I at 11-18).  The issue, therefore, is whether the state court applied Strickland in an unreasonable manner pursuant to 28

_____

[3]     The additional grounds include numerous alleged errors of counsel during the voir dire, and allegedly harmful statements made by counsel during voir dire, opening statement, and closing argument.

-15-

U.S.C. § 2254(d)(1).

With respect to expert testimony, trial counsel initially entertained the notion of calling an expert, but he never produced an expert report. Counsel did not even oppose the state's subsequent motion to preclude expert testimony. Trial counsel apparently abandoned this course of action. There is nothing in the record to undermine the inference that the decision not to call an expert was a strategic decision. The Petitioner never indicates what the expert would have testified to or how such testimony would have aided the defense. The state court noted that instead of offering his own expert, counsel vigorously cross-examined the prosecution's expert, which is recognized in Ohio as a reasonable trial strategy. See State v. Nicholas, 66 Ohio St. 3d 431, 436 (1993), citing, State v. Thompson, 33 Ohio Std. 3d 1, 10-11 (1987). Accordingly, counsel did not err, and the state court's application of Strickland was reasonable.

The Petitioner next claims that trial counsel rendered ineffective assistance by not reviewing prior witness statements as permitted under Ohio R. Crim. P. 16(B)(1)(g). Specifically, he alleges that the victims and their mother reported the abuse to police and medial personnel, but counsel never requested inspection of such statements. Rule 16(B)(1)(g) provides for the inspection of "written or recorded" statements for impeachment of a witness after direct examination. The state appellate court, however, stated that no prior statements were written or recorded. (Docket No. 24, Ex. I at 14-15.) This is a factual determination entitled to deference under 28 U.S.C. § 2254(e)(1), and this Court's independent review of the record has revealed no such statements. Accordingly, counsel did not err.

The Petitioner next claims that trial counsel rendered ineffective assistance by not objecting to the introduction of "other acts" evidence. Specifically, evidence was introduced that

-16-

the Petitioner married his wife when she was age fourteen, which he claims improperly portrayed him as a child molester.  The state appellate court characterized the failure to object as a reasonable trial strategy.  Counsel may not have wanted to call attention to the testimony by objecting.  (Docket No. 24, Ex. I at 16.)  The Court agrees with this assessment.  In addition, given the entirety of the evidence, the Petitioner cannot demonstrate prejudice from the introduction of the age of his wife.  Accordingly, the Petitioner has not satisfied the Strickland standard on this claim.

For the foregoing reasons, the Petitioner has not demonstrated ineffective assistance of counsel pursuant to Strickland, or that the state courts unreasonably applied Strickland. Accordingly, Ground One for relief lacks merit.

IV.  CONCLUSION

The Petitioner has procedurally default those portions of Ground One for relief added in his amended petition, and Grounds Two through Five.  In addition, he has not demonstrated ineffective assistance of trial counsel as alleged in Ground One of his original petition. Accordingly, his petition for writ of habeas corpus is DENIED.

The Court next must determine whether to issue a certificate of appealability ("COA"). An appeal may not be taken from a final order in a habeas corpus proceeding unless a circuit justice or judge issues a COA.  28 U.S.C. § 2253(c)(1).  The district court need not wait for a petitioner to file a motion before ruling on the COA.  Castro v. United States, 310 F.3d 900, 901 (6th Cir. 2002).   The COA should indicate which specific issues satisfy the requisite showing. Powell v. Collins, 332 F.3d 376, 389 (6th Cir. 2003).

A COA may issue if the applicant has made a substantial showing of the denial of a

constitutional right.  28 U.S.C. § 2253(c)(2).  Such a showing is made upon demonstrating that:

> reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'

Slack v. McDaniel, 529 U.S. 473, 483-84 (2000), quoting, Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983).   As to claims determined on the merits, the habeas court should determine whether reasonable jurists would find its decision "debatable or wrong".  Slack, 529 U.S. at 484.  As to claims determined to be procedurally defaulted, the habeas court must determine whether the petition states a valid claim and that "jurists of reason would find it debatable whether the district court was correct in its procedural rule."  Id.

As to those portions of Ground One determined on the merits, the Court concludes that no reasonable jurist could find the decision debatable or wrong.  Accordingly, a COA is denied on these issues.

The Court denies all other claims as procedurally defaulted, but the Petitioner has at least stated a claim on these issues.  In addition, as illustrated in Part III. A. above, the Sixth Circuit has not been uniform as to whether the time limitation of Rule 26(B) constitutes an "adequate and independent" state rule under the third prong of the Maupin test.  Accordingly, the Court grants a COA solely on this issue.

IT IS SO ORDERED.

Issued: September 6, 2006                    ___s/ John R. Adams_____
                                             UNITED STATES DISTRICT JUDGE